EDDIE E. COONCE, by Next Friend, Respondent, v. NATIONAL BISCUIT COMPANY, Appellant.

**Kansas City Court of Appeals, January 8, 1906.**

MASTER AND SERVANT: Contributory Negligence: Youth: Attention. A youth fourteen years of age, in a cracker factory, whose business was to remove the trays from the upper side of a horizontal endless conveyor at the turning point and place them on the returning part to be carried back, in removing some pieces of cracker put his finger through a hole in the tray into a link in the sprocket chain beneath and was injured thereby. He had been well warned and understood the hazard of his act, "but wasn't looking over that way" at the time. *Held,* he is guilty of such contributory negligence as to preclude a recovery.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

REVERSED.

*Harkless, Crysler & Histed* for appellant.

Under all of the evidence the plaintiff was not entitled to recover and the peremptory instruction asked by the defendant at the close of the evidence should have been given.

*Battle McCardle* and *Milton J. Oldham* for respondent.

(1) If plaintiff knew that on other days holes had been in the pans, and if he knew the pans were liable to be broken in the natural operation of the conveyor, such knowledge does not bar his recovery. Mere knowledge of a defect is insufficient. He must know the danger, and appreciate the hazard. And mere knowledge of danger in working with a defective instrumentality will not defeat the servant's action, unless the danger be so glar-

ing as to threaten immediate injury. He can continue at work if it is reasonable to suppose he can continue to do so in safety by the exercise of reasonable care. Depuy v. Railroad, 110 Mo. App. 110; Browning v. Kaster, 107 Mo. App. 59; Parsons v. Packing Co., 96 Mo. App. 372; Dean v. Woodenware Co., 106 Mo. App. 167. (2)    The plaintiff never assumes the risk of the master's negligence. The pans when in proper condition were suitable. Plaintiff did not assume the risk of their getting out of order through the master's negligence.    He was justified in continuing to use it if by the exercise of reasonable care he might do so in safety.    This is a question for the jury.   Cole v. Transit Co., 183 Mo. 81; Curtis v. McNair, 173 Mo. 270; Nichols v. Ins. Co., 126 Mo. 55; Studenroth v. Packing Co., 106 Mo. App. 481; Montgomery v. Railroad, 109 Mo. App. 88.

ELLISON, J.—Plaintiff was an employee of the defendant and, while engaged in its service, he suffered the injury for which he brought this action, and recovered judgment in the trial court for two hundred dollars.

Plaintiff's work was in the cracker department. At the time he was injured, he was standing at the end of a conveyor, which was a contrivance operating on some spur wheels, which had an endless chain running around them, and which was a conveyor to carry wooden pans or trays containing crackers from the south end of the department to this department. The crackers would be taken out by girls as the trays passed along, moving very slowly; that is to say, the pans had a constant slow movement—so slow that the crackers could be taken out by the girls as they passed, and the tray continue to move on empty to the end of the conveyor where the plaintiff stood. They would then be turned under the conveyor and carried back again beneath it on another carrier to their starting point, the system constituting a constant return of the pans. This conveyor was about thirty feet in

length and about four feet in width and stood up three and one-half feet from the floor. On the sprockets at either side of the conveyor ran an endless chain, with small links about an inch long, which pass over the sprocket, and thus keep up the slow revolution of the conveyor carrying the pans. When the trays reached where the plaintiff stood, his duties were to guide or turn them under so that they would be conveyed back to be again loaded with crackers; and also to take out pieces of crackers left in the tray. At the time of his injury, plaintiff was taking some broken crackers out of a tray, which had a piece of bottom out, about two inches wide extending across the tray. He put his fingers through this opening as the tray moved along, his hand moving with it, until they were caught on one of the wheels carrying the chain and one of them injured.

We cannot allow this judgment to stand in the face of the evidence given by plaintiff in his own behalf. He makes a very candid statement showing himself to blame for his injury and the defendant not at fault. He stated that he knew that defendant used trays with pieces out of the bottom similar to the one at which he was hurt; that defendant's foreman had warned him several times not to let his fingers get caught—"to keep them out of these and watch it," and he also heard him warning the others; that he instructed him how to perform his service; that he knew what would result if he did put his fingers through; that he could see the holes or the openings in the bottoms of the trays as they passed along, and that the reason he did not see the hole at the time he put his fingers through was that he "wasn't looking over that way," and that if he had paid any attention and looked, he could not have failed to see it. On re-examination by his attorney, he did not qualify the foregoing. He stated that he did not see the hole. But that was for a good reason, he was not looking. He was asked by his attorney, "Were you paying attention to your business?" and "You were looking out to attend to your business,

weren't you?" and he answered, "Yes, sir." This was, of course a mere conclusion of his and did not qualify, nor modify, his specific statements of facts.

There is a statement in plaintiff's petition, which was not borne out by the facts. It is, that plaintiff's hand "was caught in a broken place in the bottom of the tray." That statement would indicate that his hand was forcibly held in the broken place until it was carried along to the wheel and hurt. The fact was that he merely put his fingers through the broken place (one of them through a link in the chain) and allowed them to remain as the tray moved along until they came in contact with the wheels. Necessarily, he must have known that his fingers were through the bottom of the box and one of them in the link and that it was liable to be bruised or mashed as it moved along to the wheel. The only explanation to be given is that he, himself, gave; that he was paying no attention and not looking. His positive and unequivocal statement of the facts of the case bar a recovery.

It is true that at the time of his injury he was only fourteen years and six months old, and a year older at the time he testified. But the simple nature of his work, the explanations of what he was to do, the warnings he was given, and the ease with which he could have performed the work safely, with even the most ordinary attention, disclose that the case is without merit, unless, indeed, we are to hold that an employer is an insurer of the safety of an employee of that age.

The judgment must be reversed.   All concur.